McKENZIE, APPELLEE, v. MOORE, APPELLANT.

(No. 11498—Decided June 7, 1971.)

*Mr. Jacob K. Stein*, for appellee.
*Mr. Robert P. Moore*, for appellant.

YOUNG, J. This is an appeal from a summary judgment in favor of the plaintiff, appellee herein, in the Common Pleas Court of Hamilton County, against the defendant, appellant herein, in his capacity as administrator of the estate of Rodney J. McKenzie, deceased.

Each party to the action in the Court of Common Pleas filed a motion for summary judgment supported by affidavits and exhibits, and counsel entered into a stipulation that all of the facts relevant to the issue were before the court and waived any right to submit additional facts or evidence.

The facts were essentially that the plaintiff, who will hereafter be referred to as the appellee, and Rodney J. McKenzie on January 11, 1961 were husband and wife and that they entered into a written separation agreement which was later approved by the Common Pleas Court of

Hamilton County and incorporated into a judgment entry in a divorce action between those parties.

In the parts of the separation agreement relevant to this action it is provided that the wife was to receive the real estate then owned jointly by the parties, plus the sum of $15,000. The husband agreed to pay for the support of the children of the parties and, commencing February 1, 1961, to "pay or cause to be paid to Rose McKenzie, during her natural life or until such time as she shall re-marry, an annuity of $350 per month, such payment to be made on or prior to the 15th day of each month, provided that if Rodney J. McKenzie during his lifetime should become totally and permanently disabled by reason of physical or mental disability which condition shall continue for a period of six months, the minimum sum to be paid thereafter shall be $250 per month during the continuance of such incapacity, but upon the termination of such incapacity the payments shall revert to the original amount."

Item 6 of the agreement provided in part:

"As security in addition to the other rights of Rose McKenzie for the performance of the obligations of this Agreement, Rodney J. McKenzie agrees that during his lifetime he will keep in full force and effect a policy or policies of commercial life insurance aggregating a total principal amount of Ten Thousand Dollars ($10,000) and a policy of National Service life insurance in the amount of Ten Thousand Dollars ($10,000) * * *. Further, Rodney J. McKenzie agrees to continue making all payments of premiums on said policies as they shall become due and agrees not to borrow or pledge said policies which in the hands of his estate or in the hands of Rose McKenzie shall constitute security for the future payments thereafter due to Rose McKenzie under the terms of this Agreement."

The agreement concludes with the words, "* * * and the terms of this Agreement shall not be merged into any decree of any court, but shall survive any and all decrees and shall bind each of the parties hereto and their heirs, executors, administrators and assigns."

The parties were divorced and the wife is still living

and has never remarried. The husband remarried and died on or about March 12, 1970 and is survived by the wife· of his second marriage.

The appellee made demand upon the appellant as administrator of the estate of Rodney J. McKenzie for payment of the annuity in the amount of $350 per month from the date of the death of Rodney J. McKenzie. The appellant rejected that claim and denied that any payments were due in the future by virtue of the separation agreement and the divorce decree.

Appellee brought an action for the amount claimed to be due from the date of the death of Rodney J. McKenzie and for an adjudication requiring the appellant to consider it a continuing claim and for an order requiring the appellant to set aside assets to satisfy the claim from the decedent's estate.

The trial court granted appellee's motion for summary judgment and denied appellant's motion for summary judgment. The court awarded the appellee judgment in the sum of $2,100 as being the amount due at $350 per month from March through August, 1970, and decreed that the appellee had a valid and continuing claim against the estate of Rodney J. McKenzie at the rate of $350 per month until the appellee died or remarried.

The appellant assigns as error the refusal of the trial court to grant his motion for summary judgment and argues that the conclusions of that court are contrary to law.

This court finds from the separation agreement of the parties that there was an "expressed intention in the agreement that payments should continue after the death" of the said Rodney J. McKenzie, to use a part of the language of the syllabus in *Billow* v. *Billow,* 97 Ohio App. 277.

While it is true that the separation agreement in the instant case and that in the case of *Desjardins* v. *Desjardins* (C. C. A. 6), 308 F. 2d 111, each make provision for an insurance policy on the life of the husband to protect the divorced wife in the event of his death, we conclude in this case that it bolsters the appellee's claim that it was the intention of the parties that the monthly payments contin-

ue after the former husband's death. There is no intimation in the agreement in this case that the proceeds from such an insurance policy would be substituted for the right to receive the monthly payments as was suggested by the court in the *Desjardins* case.

The court finds that the decedent became totally and permanently disabled within the meaning of Item 5 (a) of the separation agreement and that his death was a continuation of that condition and that the monthly payments should therefore be reduced to $250 per month until such time as the appellee might die or remarry.

The judgment of the trial court is therefore affirmed in that this court finds it was the intention of the parties that the annuity payments should continue after the death of Rodney J. McKenzie, but modified to the extent that the payments will be at the rate of $250 per month.

The judgment below is, therefore, affirmed as modified.

*Judgment affirmed as modified.*

HESS, P. J., and SHANNON, J., concur.